```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
           DALLAS DIVISION

GARY B. SASIN,                  §
                                §
           Plaintiff,           §
                                § Civil Action No. 3:07-CV-2167-D
VS.                             §
                                §
ELAINE L. CHAO, SECRETARY OF    §
LABOR, DEPARTMENT OF LABOR,     §
                                §
           Defendant.           §
```

MEMORANDUM OPINION
AND ORDER

Defendant's October 1, 2008 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.[*]

I

Plaintiff Gary B. Sasin ("Sasin") sues defendant Elaine L. Chao, Secretary of Labor, Department of Labor ("the Secretary"), to recover under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973 based on a failure to promote him to the position of GS-13 Regional Safety and Occupational Health Manager. Sasin complains that he was denied the promotion due to discrimination based on his

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

male sex and his disability, and due to reprisal.

The Secretary filed a motion for summary judgment on October 1, 2008. Pursuant to N.D. Tex. Civ. R. 7.1(e), Sasin's response was due no later than October 21, 2008. Sasin has not responded to the motion, and it is now ripe for decision.

II

Because the Secretary does not have the burden at trial on Sasin's causes of action, she can meet her summary judgment obligation by pointing the court to the absence of evidence to support his claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The Secretary has pointed to the absence of evidence of disability discrimination (D. Br. 11-13), reprisal (*id.* at 13-14), and pretext (*id.* at 15-17). Because the Secretary has done so, Sasin must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076. Sasin has not responded to the Secretary's motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept the Secretary's evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Sasin's failure to respond means that he has not

designated specific facts showing that there is a genuine issue for trial. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda,* 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because the Secretary has pointed to the absence of evidence to support essential elements of Sasin's claims, and Sasin has not adduced evidence that raises a genuine issue of material fact, the Secretary is entitled to summary judgment in her favor on all of Sasin's claims.

\* \* \*

Accordingly, the Secretary's October 1, 2008 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

November 14, 2008.

SIDNEY A. FITZWATER
CHIEF JUDGE